CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 18 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal Action No.: 5:06CR00037** |
| | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION - 2255** |
| | ) | |
| | ) | **By: Samuel G. Wilson** |
| **JENNIFER FISHER MORALES** | ) | **United States District Judge** |
| | ) | |

This is a motion pursuant to 28 U.S.C. § 2255 by Jennifer Fisher Morales, proceeding pro se, claiming that her plea of guilty to conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 was involuntary because of numerous failures by her counsel. The court finds that Morales' guilty plea was voluntary, that she voluntarily waived her right to collaterally attack her plea and sentence, and that her claims lack merit. Accordingly, the court denies Morales' § 2255 motion.

**I.**

In August 2006, a grand jury indicted Morales and three codefendants for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The indictment included four other counts against several of Morales' codefendants.

On December 13, 2006, Morales entered a plea of guilty to the conspiracy charge pursuant to a written plea agreement. Morales' plea agreement provided that she would plead guilty to the conspiracy charge and that the United States would recommend that the court grant acceptance of responsibility pursuant to the U.S. Sentencing Guidelines Manual § 3E1.1 (2008).

In the agreement, Morales admitted that her attorney had informed her of the nature of the charges and the elements that must be proven before she could be found guilty. She admitted, in a section of her plea agreement titled "effective representation," that she had discussed the plea agreement with her attorney and was satisfied with the attorney's advice. Morales waived any claim for ineffective assistance known by her but not raised by the time of sentencing. The United States agreed to recommend a sentence between the low end and middle of the applicable sentencing guidelines range. Morales "willingly stipulate[d]" that there was a sufficient factual basis for every factual allegation of the indictment. Finally, Morales expressly waived her right to appeal sentencing decisions and to collaterally attack her plea and sentence. Morales initialed each page of the agreement and signed it. Morales' attorney, Michael T. Hemenway, signed it as well, affirming that he explained all rights available to Morales and that he reviewed applicable sentencing guidelines and every part of the plea agreement with Morales.

At the guilty plea hearing, the court conducted a thorough plea colloquy, during which Morales affirmed under oath, among other things, that she received a copy of the indictment, that she had discussed the charges and her case with her counsel, that she was fully satisfied with her counsel's representation, that she had read the entire plea agreement before she signed, that she understood everything in the agreement, that no one had made any other or different promise or assurance to her of any kind in an effort to induce her to enter the plea, that no one had forced her to enter the plea, that she understood the offense carried a possible life sentence and a mandatory minimum of ten years, that she was waiving her right to appeal and her right to collaterally attack her plea and sentence, and that she was pleading guilty because she was in fact guilty. Morales made these affirmations personally and not through her attorney. Assistant United States

2

Attorney Anthony Giorno summarized the evidence against Morales' and her codefendants stating that several witnesses would testify to buying quantities of methamphetamine, typically in half-ounce increments, from Morales as early as November 2005, and that Morales assisted her husband and codefendant in distributing methamphetamine by making deliveries and collecting money. Morales then agreed with Giorno's recitation of the facts. Finding that Morales was fully competent and capable of entering an informed plea and that her plea was knowing and voluntary, the court accepted it.

In summarizing facts from Morales' own proffer and information from confidential informants in a presentence report, Morales' probation officer detailed transactions in which Morales provided four ounces of methamphetamine on ten different occasions totaling 1134 grams of methamphetamine. Additionally, the report stated that search warrants executed in the investigation of Morales and her codefendants revealed the possession or sale of a total of 1995 grams of methamphetamine. The report produced a guideline sentencing range of 120 to 135 months. Morales received the benefit of sentencing under the safety valve which allowed her to receive a term of less than the mandatory minimum of 120 months. The court sentenced Morales to 96 months in prison.

Morales, now incarcerated in West Virginia, filed a timely § 2255 petition that includes numerous claims that her counsel was ineffective: (1) her counsel failed to investigate and prepare for her defense and as a result, her counsel gave Morales the poor advice of accepting the plea agreement, (2) her counsel "improperly pressure[d]" Morales to accept the plea agreement, (3) her counsel failed to negotiate as Morales directed, (4) her counsel failed to confer with Morales' codefendants, (5) her counsel acted as a "mere spectator" at sentencing, (6) her counsel

3

failed to inform Morales of her right to remain silent through the sentencing phase, (7) her counsel "lacked devotion to the interest of the accused and her family," and (8) her counsel failed to object to the presentencing report interview with a probation officer.

## II.

Morales' challenges to the effectiveness of her counsel and the voluntariness of her plea are based chiefly upon her counsel's alleged failure to investigate, her counsel's alleged failure to explain the implications of a guilty plea to Morales, and her counsel's "poor" advice that Morales accept the plea agreement. Morales' claims fail because she has not shown the extraordinary circumstances that would overcome the strong presumptions attached to her sworn affirmations during her plea colloquy.

Morales first claims that her counsel failed to investigate her case and possible defenses which lead to her counsel giving her the bad advice of accepting the plea agreement. However, Morales does not present any evidence here to support her claim. Her claim directly contradicts Morales' own sworn statements that she was satisfied with the assistance of her counsel and that she was in fact guilty of the charge against her. Morales' sworn, in-court statement is entitled to a "strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Indeed, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations omitted). A bald assertion from Morales now that she did not receive effective assistance of counsel falls far short of overcoming these presumptions. Given that balance, Morales cannot

4

demonstrate her counsel's deficient performance or the prejudice required by <u>Strickland v.</u> <u>Washingon</u>, 466 U.S. 668 (1984). The court denies the claim.

Second, Morales contends that her counsel improperly pressured her to accept the plea. She presents only her claims, which, again, directly contradict her own statements under oath. Morales swore that she was satisfied with the advice of her counsel and that her plea was made without threat or inducement of any kind and without promises other than those disclosed in open court. Accordingly, Morales cannot show deficient performance or prejudice. The court denies this claim.

In all the claims that follow Morales makes allegations which are all variations on the same claim, that through the guilt and sentencing phase of her trial, her counsel rendered ineffective assistance. Every one of these claims is unsupported by evidence, contradicts the affidavit of her attorney, and contradicts Morales' own in-court affirmations. The court finds nothing in Morales' petition that overcomes the presumption that her statement that she was content with the effectiveness of her counsel was true. Accordingly, Morales cannot show deficient performance or prejudice in any of her remaining claims and the court denies them.

### IV.

For the foregoing reasons, the court denies Morales' § 2255 motion.

**ENTER**: This July 18th, 2008.

UNITED STATES DISTRICT JUDGE

5